# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **CHRISTOPHER A. MONTALBANO,** | ) | Case Number 20-03696-TOM7 |
| | ) | |
| Debtor. | ) | |

_____

| | | |
|---|---|---|
| **BCICAPITAL, INC.** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 21-_____ |
| v. | ) | |
| | ) | |
| **CHRISTOPHER A. MONTALBANO,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE THE
## DISCHARGEABILITY OF A DEBT UNDER 11 U.S.C. § 523

Pursuant to 11 U.S.C. §523, BciCapital, Inc. ("Plaintiff") files the following complaint for nondischargeability of a debt against Christopher A. Montalbano (the "Debtor"):

### Parties and Jurisdiction

1. On or about December 21, 2020 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. James G. Henderson (the "Trustee") serves as the Chapter 7 trustee in the Debtor's bankruptcy case.

3. Plaintiff is a Florida corporation with its principal place of business located in Florida and licensed to do business in the State of Alabama and is a secured creditor[1] in the Debtor's Chapter 7 bankruptcy case.

4. Plaintiff brings the instant adversary proceeding to determine the dischargeability of a debt, pursuant to Section 523 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4007 and 7001(6) (the "Bankruptcy Rules").

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

6. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**Facts**

8. In late 2019, Debtor, in his capacity as sole member of Iron House Holdings, LLC ("Iron House"), a Delaware limited liability company, requested that Plaintiff finance the purchase of certain equipment advertised for sale on the Iron Planet website by Land Work Tractor & Equipment LLC ("Land Work") for the purposes of immediately entering into an lease of the equipment.

9. Plaintiff agreed to Iron House's request and on or about December 20, 2019, Plaintiff and Iron House entered into an *Equipment Master Lease Agreement* (the "Master Lease"), which contained a master set of terms and conditions for equipment leases to be entered into by the parties pursuant to subsequent "Lease Schedules."

---

[1] Plaintiff is a judgment creditor of the Debtor and holds a properly recorded judgment lien against the Debtor. Plaintiff's claim is secured by the Debtor's real and personal property, and Debtor listed Plaintiff as a secured creditor in his Schedule D filed on December 15, 2020 [Docket No. 1].

10. On or about December 20, 2019, Plaintiff and Iron House also entered into that certain *Lease Schedule No. 001* ("Lease Schedule 1" and collectively with the Master Lease, "Lease 1") pursuant to which Plaintiff agreed to lease to Iron House certain equipment including without limitation seven (7) separate pieces of equipment (collectively, "Equipment Group 1") which Plaintiff had purchased through Iron Planet for the price of $645,544.56. Equipment Group 1 included the following pieces of equipment: (1) 2018 Bobcat T770 Skid-Steer Loader with S/N: AT6314324; (2) 2018 John Deere 333G Skid-Steer Loader with S/N: 1T0333GMVH318775; (3) 2017 Caterpillar 320FL Track Excavator with S/N: CAT0320FVNHD10456; (4) 2018 Caterpillar 320FL Track Excavator with S/N: CAT0320FKNHD110331; (5) 2017 Caterpillar 2990 Skid-Steer Loader with S/N: CAT0299DPFD203071; (6) 2019 Volvo ED140El Track Excavator with S/N: VCEC140EV00311768; and (7) 2019 Caterpillar 320 Track Excavator with S/N: CAT00320PKTN00531.

11. The terms of Lease 1 provided that Iron House would pay Plaintiff sixty (60) monthly payments of $11,978.50 for Equipment Group 1 beginning on January 30, 2020.

12. On or about January 29, 2020, Plaintiff and Iron House entered into that certain *Lease Schedule No. 002* ("Lease Schedule 2" and collectively with the Master Lease, "Lease 2") pursuant to which Plaintiff agreed to lease to Iron House certain equipment including without limitation six (6) separate pieces of equipment (collectively, "Equipment Group 2") which Plaintiff had purchased through Iron Planet and from Land Work for a purchase price of $763,231.46. Equipment Group 2 included the following pieces of equipment: (1) 2019 Doosan DX225LC Track Excavator with S/N DHKCEBADEK0008241; (2) 2018 Caterpillar 320N/660 Hours with S/N CAT00320LHEX01545; (3) 2018 Caterpillar 320/546 Hours with S/N CAT00320LHEX00153; (4) 2018 Caterpillar 320N/694 Hours with S/N CAT00320CKTN00607;

(5) 2018 Hitachi ZX 135US-6/538 Hours with S/N HCMDAS50A00102895; and (6) 2019 Komatsu PC210/348 Hours with S/N KMTPC257EJTC80554.

13. The terms of Lease 2 provided that Iron House would pay Plaintiff sixty (60) monthly payments of $14,074.41 for Equipment Group 2 beginning on February 28, 2020.

14. Lease 1 and Lease 2 are hereinafter referred to collectively as the "Leases"; and Equipment Group 1 and Equipment Group 2 are hereinafter referred to collectively as the "Equipment."

15. As a condition for Plaintiff to enter into the Leases, Plaintiff required Iron House to obtain guarantors of its obligations under the Leases.

16. Pursuant to that certain *Individual Guaranty Agreement* dated on or about December 20, 2020 (the "Montalbano Guaranty"), Debtor unconditionally guaranteed the prompt payment and/or performance of all obligations and liabilities of Iron House under the Leases.[2]

17. As part of its normal post-closing due diligence, Plaintiff learned of other lawsuits filed against Debtor and other entities controlled by the Debtor (including without limitation Iron House, LSA and Land Work) that alleged fraudulent schemes pursuant to which Debtor would purportedly lease or purchase from entities controlled by the Debtor certain equipment or items when in fact those entities never owned, controlled or possessed the equipment or items being leased or purchased.

---

[2] Pursuant to that certain *Corporate Guaranty Agreement* dated on or about December 20, 2019, LSA Corp., another entity wholly owned and/or controlled by Debtor, also unconditionally guaranteed the prompt payment and/or performance of all obligations and liabilities of Iron House under the Leases.

18. Plaintiff then immediately began efforts, including without limitation contacting the Debtor directly, to verify whether or not Iron House, the Debtor or LSA had possession of the Equipment but those efforts were unsuccessful.

19. Plaintiff then retained third-party vendors to attempt to locate the Equipment by searching multiple physical locations associated with Iron House, Debtor and LSA based on the information in Plaintiff's records, but those vendors were unable to locate any of the Equipment.

20. Upon information and belief, either (a) one or more of the pieces of the Equipment actually exist but were in fact never owned, possessed, or controlled by Land Work, Iron House or Debtor, or (b) some or all of the Equipment does not actually exist and therefore could not possibly have ever been owned, possessed or controlled by Land Work, Iron House, the Debtor or LSA.

21. After Iron House, Debtor and LSA failed to make the rent payments due under the Leases on March 30, 2020, Plaintiff or about May 12, 2020 filed a verified complaint (the "Verified Complaint") against Iron House Holdings, LLC, LSA Corp., and the Debtor (the "Defendants") in the Circuit Court of Shelby County, Alabama, commencing Case No. 58-CV-2020-900405.00 (the "State Court Action"). Plaintiff asserted claims against Iron House, Debtor and LSA in the State Court Action for breach of contract, detinue/replevin, and unjust enrichment.

22. On July 16, 2020, the Circuit Court entered a final judgment against Iron House, Debtor and LSA, jointly and severally, in the amount of $1,486,042.30, plus post-judgment interest at the contractual rate and post-judgment costs of collection, including attorneys' fees in collecting and enforcing the judgment (the "Final Judgment"). Plaintiff subsequently had the Clerk of the Circuit Court issue separate certificates of judgment for the Final Judgment with respect to Iron House, Debtor and LSA (the "Certificates of Judgment"), and on or about July 17, 2020 recorded

the Certificates of Judgment in the Office of the Judge of Probate of Jefferson County and Shelby County, Alabama.

23. Debtor listed Plaintiff as a secured creditor in the amount of the Final Judgment in his Schedule D filed on December 15, 2020 [Docket No. 1].

24. Upon information and belief, the Debtor is subject of a criminal investigation for his conduct.

25. As of the filing of this Complaint, Plaintiff has not been able to locate any of the Equipment.

## Count One – 523(a)(2)(A)

26. The Plaintiff adopts and realleges the allegations of paragraphs 1 through 25 as if set forth fully at this point in the Complaint.

27. The Debtor obtained money and property from the Plaintiff by false pretenses, a false representation, or actual fraud by, without limitation, making representations that were materially false about the existence and location of the Equipment and the financial condition of the Debtor, Land Work, Iron House, and LSA.

28. These representations were reasonably relied on by Plaintiff in purchasing the Equipment and entering into the Leases with Iron House, the Debtor and LSA.

29. These representations and were made by the Debtor with the intent to deceive.

WHEREFORE, the Plaintiff prays this Court will: (a) declare Plaintiff's claims against the Debtor to be nondischargeable under 11 U.S.C. § 523(a)(2)(A); and (b) grant such other and further relief as this Court may deem appropriate under the circumstances.

## Count Two – 523(a)(13)

30. The Plaintiff adopts and realleges the allegations of paragraphs 1 through 29 as if set forth fully at this point in the Complaint.

31. Upon information and belief, the Debtor is subject of a criminal prosecution in which he may be ordered to pay restitution to the victims of his crimes, including Plaintiff, under Title 18 of the United States Code.

WHEREFORE, the Plaintiff prays this Court will: (a) declare any payment to Plaintiff for an order of restitution issued under Title 18 of the United States Code to be nondischargeable under 11 U.S.C. § 523(a)(13); and (b) grant such other and further relief as this Court may deem appropriate under the circumstances.

Dated: March 12, 2021

        Respectfully submitted,

        /s/  Glenn E. Glover
        Glenn E. Glover
        Hirshel M. Hall
        **BRADLEY ARANT BOULT CUMMINGS LLP**
        One Federal Place
        1819 5th Avenue North
        Birmingham, AL 35203
        (205) 521-8000 – Telephone
        (205) 521-8800 – Facsimile
        gglover@bradley.com
        hhall@bradley.com
        *Attorneys for BciCapital, Inc.*